UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Charles Richards,** | : | |
|     **Plaintiff** | :    No.   3:19 CV 902 (XXX) | |
| **v.** | : | |
| | : | |
| **Deputy Fire Marshal Richard Morris,** | : | |
| **Deputy Fire Marshal Chris Taylor,** | : | |
| **Officer David Perrotti, Chief Michael Spera,** | : | |
| **Officer Phillip Ciccone, Officer Tyler Schulz,** | : | |
| **Officer Stephanie Milardo and Deputy** | : | |
| **Deputy Fire Chief Joseph Johnson** | : | |
| | :    June 11, 2019 | |
|     **Defendants.** | | |

## COMPLAINT

**Count One**

**42 U.S.C. Section 1983 (Unlawful Seizure)**

1. This is an action for money damages to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1367(a) of Title 28 and Title 42, Sections 1982 and 1983 of the United States Code, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction of this Court is invoked, in the state law claims, under the provisions of Section 1367 of Title 28 of the United States Code.

4. Venue lies in the District of Connecticut under 28 U.S.C. Section 1391(b), in

that all the events of this complaint and the parties reside within this District.

5. Plaintiff Charles Richards is a citizen of the United States, and a resident of East Longmeadow, MA.

6. Defendants Richard Morris and Chris Taylor are employees of the East Lyme, CT Fire Marshal's Office, acting in their official capacity. They are being sued in their individual capacity.

7. Defendants David Perrotti, Michael Spera, Phillip Ciccone, Tyler Schulz and Stephanie Milardo are officers with the Old Saybrook, CT Police Department acting in his official capacity.  They are being sued in in their individual capacity.

8. Defendant Joseph Johnson is a member of the Old Saybrook Fire Department, actin in his official capacity. He is being sued in his individual capacity.

9. The defendants, during all times mentioned in this action, acted under color of law of the Constitution and Statutes of the United States and State of Connecticut, and the customs and usages of the State of Connecticut and the Town of Old Saybrook, CT.

10. On June 17, 2017 the defendants responded to the plaintiff's vessel fire.

11. The vessel was located on land at Between the Bridge Marina.

12. The defendants seized the plaintiff's vessel, a 2006 Formula 400SS, valued in excess of $200,000.

13.  The vessel was seized without a warrant.

14. The plaintiff met with investigators for questioning on two occasions.

15. Defendants have falsely accused the plaintiff of setting the fire, lying to investigators and the insurance company, and fraud.

16. On September 8, 2017, through counsel, the plaintiff had requested, in writing, documentation to support the continued seizure of his vessel by the Old Saybrook Police and requested the vessel's immediate return.

17. On November 1, 2017, through counsel, the plaintiff had again requested, in writing, the immediate return of his vessel and informed the Old Saybrook Police that the Superior Court had no record of a search and seizure warrant or return.

18. On November 3, 2017 and November 8, 2017, the plaintiff made additional demands for the return of his vessel.

19. The defendants did not obtain a warrant to search the vessel until November 16, 2017.

20. The plaintiff lost use of his property incurred financial losses including the retention of counsel, and boat transport fees.

21. As a result of the defendants' conduct the plaintiff was embarrassed and sustained harm to his reputation.

22. The warrant affidavit excluded facts that would undermine a probable cause determination to authorize the search of the vessel.

23. The plaintiff has suffered anxiety and humiliation from such searches.

24. The search and seizure warrant falsely states that the plaintiff field a loss claim with his insurance carrier, AIG, in violation of the Fourth Amendment.

25. The defendants' actions were unjustified and unlawful.

**Count Two          42 U.S.C. Section 1983 (Franks Violation)**

1-25. Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Two.

26. The conduct of the defendants constituted a "Franks violation" in violation of the Fourth Amendment to the United States Constitution.

27. Without the deliberate falsehood or reckless disregard of facts supporting a multi-family dwelling a magistrate would not have issued a search and seizure warrant for the vessel.

28. The omissions or material falsehoods in the search and seizure warrant were designed to mislead the magistrate or were made in reckless disregard of whether they would mislead the magistrate.

**Count Three          Negligent Infliction of Emotional Distress**

1-25. Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Three.

26  The actions of the defendants were extreme and outrageous.

27. The defendants' conduct created an unreasonable risk of causing severe emotional distress to the plaintiff.

29. The plaintiff's distress was foreseeable and severe enough to cause emotional harm.

30. In the manner described above, the injuries to the plaintiff were the direct and proximate result of the negligent actions of the Defendants.

**Count Four         Deprivation of Property 42 USC 1983**

1-25. Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Four.

26. The conduct of defendants constitutes a meaningful interference with Mr. Richards' possessory interests in the vessel.

27. Defendants intentional conduct resulted in the deprivation of his interests in the vessel and constituted an unconstitutional seizure of property.

28. The conduct of the Defendants deprived the Plaintiff of his property rights in vessel secured to the plaintiff by Sections 42 U.S.C. 1983 of the United States Code, and the Fourth and Fourteenth amendments to the United States Constitution.

**Count Five     Deprivation of Property 42 USC 1982**

1-25. Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Five.

26. The Defendants conduct deprived the Plaintiff of her property rights in his vessel secured to the plaintiff by Sections 42 U.S.C. 1982 of the United States Code, and the Fourth and Fourteenth amendments to the United States Constitution.

**COUNT Six            LIBEL**

1-25.   Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Six.

26.   Defendants published false police reports to third parties, including marina staff, their superiors, other investigators, state prosecutors, and insurance company personnel.

27   The false reports identified the plaintiff and falsely accused him with violations of various criminal laws.

28.   The false reports were defamatory to the plaintiff.

29.   The publications caused harm to the plaintiff and constitute libel.

**COUNT Seven              LIBEL PER SE**

1-25.   Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Seven.

26.   Defendants published false police reports, to third parties, including marina staff, their superiors, investigators, state prosecutors, and the insurance company personnel.

27.   The false police reports identified the plaintiff as violating various criminal laws.

28.   The police reports were defamatory to the plaintiff.

29   The publications caused harm to the plaintiff.

30   The report resulted in injury to the plaintiff including mental suffering, emotional distress, humiliation, and damage to his reputation and constitute libel per se.

**COUNT Eight         SLANDER PER SE**

1-25. Paragraphs one through twenty-five of Count One are hereby incorporated as paragraphs one through twenty-five of Count Eight.

26. Defendants made false statements about the plaintiff to third parties, including marina staff, their superiors, investigators, state prosecutors, and the insurance company personnel.

27. These slanderous statements falsely alleged that the plaintiff violated various criminal laws in which an infamous penalty is attached.

28. The police officers' oral false recitations were defamatory to the plaintiff;

29. The oral publications caused harm to the plaintiff.

30  The oral reports resulted in injury to the plaintiff including mental suffering, emotional distress, humiliation, and damage to his reputation.

      The Plaintiff

      By His Attorney

      /s/ Robert Berke

      _____

      Robert M. Berke
      640 Clinton Avenue
      Bridgeport, CT 06605
      203 332-6000
      203 332-0661 fax
      Bar No. 22117
      robertberke@optonline.net

**<u>JURY DEMAND</u>**

The plaintiff requests a trial by jury.

 The Plaintiff

By Attorney

/s/ Robert Berke

_____

Robert M. Berke
640 Clinton Avenue
Bridgeport, CT 06605
203 332-6000
203 332-0661 fax
Bar No. 22117
robertberke@optonline.net